GLD-352                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2489
_____

UNITED STATES OF AMERICA

v.

ROBERT F. SKEFFERY,
a/k/a Clyde Ferron

ROBERT F. SKEFFERY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 3:05-cr-00002-001)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: August 6, 2013)
_____

OPINION
_____

PER CURIAM

Robert Skeffery is a citizen of Jamaica whose criminal and immigration histories

are somewhat convoluted.  For the purposes of this appeal, we look to his 2006

conviction (in the United States District Court for the Western District of Pennsylvania) for possession with intent to distribute less than fifty kilograms of marijuana, which we affirmed in 2008. See generally United States v. Skeffery, 283 F. App'x 75 (3d Cir. 2008). Skeffery has filed a belated petition for writ of coram nobis, arguing that this conviction and sentence are "constitutionally invalid due to" Fed. R. Crim. P. 11(c), Fifth, Sixth, and Fourteenth Amendment violations. He alleges that he was not properly informed of the immigration consequences of his decision to plead guilty. The District Court denied relief, and Skeffery now seeks our review.[1]

The District Court's decision was proper. As the District Court pointed out, Skeffery specifically waived his right to collaterally attack his plea,[2] and we see nothing in the record that would suggest either that the waiver was infirm or that enforcing it would work a miscarriage of justice. See United States v. Mabry, 536 F.3d 231, 237–39 (3d Cir. 2008). And there would be no injustice because the theory upon which Skeffery

---

[1] "In federal courts the authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). "The District Court had jurisdiction over the petition under 28 U.S.C. § 1651(a), in aid of its jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (citation omitted).

[2] In its decision, the District Court emphasized that coram nobis is a rare remedy only available in limited situations, and is not coterminous with relief available under 28 U.S.C. § 2255. We agree that obtaining coram nobis relief is a more-daunting task than succeeding under § 2255. See, e.g., Mendoza, 690 F.3d at 159. However, in light of

2

relies is no longer valid; as the Supreme Court recently held, <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473 (2010), announced a "new rule," and "defendants whose convictions became final prior to <u>Padilla</u> therefore cannot benefit from its holding." <u>Chaidez v. United States</u>, 133 S. Ct. 1103, 1113 (2013). Thus, regardless of whether he was fully apprised by counsel of the immigration consequences of his plea, Skeffery has no colorable claim of ineffective assistance of counsel.

Because no substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court. <u>See</u> <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

Skeffery's waiver and the invalidity of his claim, we do not reach the issue of the scope of coram nobis.