BLD-429                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3265
_____

UNITED STATES OF AMERICA

v.

SHANNON GLOVER,
                                   Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-01-cr-00417-001)
District Judge:  Honorable Stewart Dalzell

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.66
September 19, 2013
Before:  HARDIMAN, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 18, 2013)
_____

OPINION
_____

PER CURIAM

Shannon Glover appeals pro se from the District Court's order denying his petition

for a writ of error coram nobis.  The Government has filed a motion for summary action.

We will grant that motion and affirm.

1

In 2001, Glover pleaded guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344 and other charges. The District Court later sentenced him to 17 months in prison and a term of supervised release. Glover has served that sentence, and he never filed a direct appeal, a motion under 28 U.S.C. § 2255, or any other challenge to his convictions. In August of 2012, the Government indicted Glover on still more charges of bank fraud (among others), and that proceeding remains pending.

In January of 2013, Glover filed pro se the coram nobis petition at issue here seeking to vacate his 2001 convictions, which he fears will increase his sentence if he is convicted of the pending charges. Glover argues that he is not actually guilty of the charges to which he pleaded guilty in 2001 because he intended merely to defraud a bank's customers and not the bank itself as required by 18 U.S.C. § 1344. See United States v. Thomas, 315 F.3d 190, 199 (3d Cir. 2002). The District Court issued an order pointing out several potential problems with Glover's petition and directing him to explain, inter alia, why he had not challenged his 2001 convictions before. Glover filed a response, and the District Court then denied his petition. Glover appeals.[1]

We will affirm for substantially the reasons explained by the District Court. The extraordinary remedy of coram nobis is available to vacate convictions after a petitioner is no longer in custody for purposes of § 2255 only if, inter alia, "sound reasons exist for

---

[1] "The District Court had jurisdiction . . . under 28 U.S.C. § 1651(a) in aid of its jurisdiction pursuant to 18 U.S.C. § 3231." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012), cert. denied, 133 S. Ct. 1456. We have jurisdiction under 28 U.S.C. § 1291, and we review the District Court's legal conclusions de novo. See id.

2

failing to seek relief earlier." Mendoza, 690 F.3d at 159 (quotation marks omitted). In Mendoza, we affirmed the District Court's denial of a coram nobis petition on the basis of unreasonable delay when the petitioner waited some four years to allege that his counsel had rendered ineffective assistance. See id. at 160. In doing so, we rejected the petitioner's reliance on the unsettled state of the relevant law because "[t]hat the law is unsettled does not justify a delay in filing a coram nobis petition." Id.

In this case, Glover cannot even rely on an unsettled state of the law because we squarely stated the rule of law on which he now relies in 2002, the same year he was sentenced. See Thomas, 315 F.3d at 199 (holding that defendant's conduct "does not fall within the ambit of the bank fraud statute when the intention of the wrongdoer is not to defraud or expose the bank to any loss but solely to defraud the bank's customer"). Glover had some seven years to raise his challenge before being released from custody for § 2255 purposes, and he waited more than three more years after that before filing his coram nobis petition.

The District Court properly rejected Glover's justifications for that delay. Glover argues that his counsel coerced him into pleading guilty on the basis of erroneous advice but, as the District Court noted, he does not challenge the adequacy of his guilty plea colloquy, and counsel's alleged ineffectiveness at the time of the plea does not explain Glover's inaction for more than 10 years thereafter. See Mendoza, 690 F.3d at 159-60. Glover also argues that he did not complete high school, is of below-average intelligence, and does not understand the law, but the District Court properly rejected that argument.

3

The "'sound reason' standard is even stricter than that used to evaluate § 2255" motions. Mendoza, 690 F.3d at 159. Section 2255 motions are governed by a statute of limitations subject to equitable tolling, and even outright mental incompetence (which Glover does not allege) is not a per se ground for equitable tolling. See Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005). Moreover, Glover has not asserted when or how he first became aware of Thomas, and the District Court noted that his pro se correspondence with that court in 2002 revealed his awareness that he could bring concerns to the court's attention. Finally, Glover relies on the charges pending against him and asserts that he wishes to avoid the collateral consequence his 2001 convictions might have if he is convicted and sentenced on those charges. A defendant seeking to avoid the collateral consequences of a conviction, however, cannot simply wait to seek relief until it appears that a collateral consequence may be imminent. Coram nobis requires instead "sound reasons" for not seeking relief when the petitioner had an opportunity to do so under § 2255, and we agree with the District Court that Glover asserted no such reasons here.

For the foregoing reasons, we will affirm the judgment of the District Court.

4