NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2990
_____

UNITED STATES OF AMERICA

v.

DIONICIO RAFAEL CRUZ VALERIO,
a/k/a Miguel Francisco Acevedo Meran,
a/k/a Captain Johnny

Dionicio Rafael Cruz Valerio,
*Appellant*
_____

Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 09-cr-00476-001)
District Judge: Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2013

Before: McKEE, *Chief Judge*, AMBRO and GREENBERG, *Circuit Judges*

(Opinion Filed October 18, 2013)

_____

OPINION
_____

MCKEE, *Chief Judge*

Dionicio Rafael Cruz Valerio appeals the judgment of sentence that was entered after the District Court granted his *pro se* request to withdraw his motion to substitute counsel, and denied his motion to withdraw his guilty plea. For the reasons that follow, we will affirm.[1]

Because we write primarily for the parties who are familiar with this case, we need not recite the procedural history or factual background.

We review a district court's ruling on a motion to substitute counsel for an abuse of discretion. *United States v. Goldberg*, 67 F.3d 1092, 1097 (3d Cir. 1995). Although Cruz Valerio withdrew his motion to substitute counsel, he now contends the district court erred in not engaging in a two-step inquiry pursuant to *United States v. Welty*, 674 F.2d 185 (3d Cir. 1982), before ruling on that motion. Under *Welty*, a district court must inquire into the reason for a defendant's request to substitute counsel, and then determine whether "good cause" is shown to support the request. *Goldberg*, 67 F.3d at 1098. If the court denies the request, it must give the defendant the choice between representation by an attorney with whom s/he is dissatisfied or proceeding *pro se*. *Welty*, 674 F.2d at 187.

Cruz Valerio's reliance upon the *Welty* inquiry is completely misplaced. The appellant in *Welty* was forced to choose between proceeding to trial with no attorney or an attorney he did not want. The result was a purported waiver of counsel without the kind of thorough and careful inquiry that would have determined whether the waiver was a knowing and voluntary relinquishment of a fundamental right.

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

2

Cruz Valerio was not forced to choose between proceeding *pro se* or accepting counsel with whom he was dissatisfied. Rather, having filed a motion for substitute counsel, Cruz Valerio then changed his mind and asked the court to allow him to withdraw that motion. His complaint now is that the District Court did exactly what he asked.

Cruz Valerio rests his *Welty* claim on the District Court's alleged failure to "make the inquiry . . . as required by . . . *Welty*." Appellant's Br. at 12. However, as we have just explained, *Welty* requires no such inquiry when a defendant requests he be allowed to withdraw his motion to substitute counsel. Allowing a defendant to withdraw a motion to substitute one counsel for another does not implicate the kind of constitutional concerns that framed the analysis in *Welty*, and the district court clearly did not abuse its discretion by granting Cruz Valerio's own motion.[2]

Cruz Valerio also challenges the district court's denial of his motion to withdraw his guilty plea. We once again review for an abuse of discretion. *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010). A defendant may withdraw his guilty plea after it has been accepted by the court, but before the court sentences the defendant, if the defendant carries the "'substantial' burden . . . of showing a fair and just reason for the withdrawal

---

[2] Cruz Valerio also attempts to establish that there was a procedural irregularity because "[t]he Appellant's *pro se* motion for substitution of counsel was not properly before the District Court . . . ." Appellant's Br. at 16. However, the District Court clearly questioned Cruz Valerio about his willingness to withdraw the motion "if it should be received." And he responded: "Yes, I'm going to proceed with [current counsel]." App'x II at 323. He also argues that the Assistant United States Attorney did not have notice of the motion to substitute counsel. However, his attempt to fashion an abuse of discretion from this under the circumstances here is frivolous.

of his plea." *Id.* (citing *Jones v. United States*, 336 F.3d 245, 252 (3d Cir. 2003); Fed. R. Crim. P. 11(d)(2)).[3]

Pursuant to our three-factor test first propounded in *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001), when considering whether a defendant has a "fair and just reason" for the withdrawal, a district court must consider: (1) whether the defendant asserts his innocence, (2) whether strong reasons exist for the withdrawal, and (3) whether the government would be prejudiced if a withdrawal was granted. *Mendoza v. United States*, 690 F.3d 157, 160 (3d Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 1456, 185 L. Ed. 2d 362 (2013). However, any prejudice to the government is irrelevant unless the defendant satisfies his burden on the first two prongs. *United States v. Martinez*, 785 F.2d 111, 116 (3d Cir. 1986). This three-factor test applies equally to a motion to withdraw a guilty plea based on a claim of ineffective assistance of counsel. *Jones*, 336 F.3d at 252-55.

Cruz Valerio's claim is unique. He is not asserting that he is not guilty of the crime he was charged with and to which he plead guilty. Rather, he is arguing that his sentencing range should not have been increased based on a "leadership role" in the offense and that this finding in turn made him ineligible for the "safety valve." Appellant's Br. at 27-28. We do not interpret that as a claim of actual innocence as required under *Brown*.

---

[3] Cruz Valerio's initial assertion, that the failure of the District Court to perform a *Welty* inquiry required the District Court to lessen his burden, is without merit for the aforementioned reasons.

Cruz Valerio argues that a strong reason exists to withdraw his plea because his attorney never informed him of plea offers that would have resulted in a less severe sentence than he received. However, the district court credited testimony that the government offered four separate plea agreements to Cruz Valerio through his attorney, the third of which was its "best and final offer," allowing Cruz Valerio to plead to an offense level of 29 without "safety valve" eligibility. The record is clear that this plea agreement was relayed to Cruz Valerio by his attorney, but Cruz Valerio rejected the offer. The District Court underscored that any error in the attorney's conduct in failing to communicate with Cruz Valerio for a lengthy period of time after he received the initial plea offer did not prejudice Cruz Valerio because the subsequent plea offers that were communicated and discussed were more favorable.

Moreover, to the extent that the argument turns on a claim of a Sixth Amendment deprivation of the right to counsel, we will not entertain it on direct appeal. Rather, such claims are usually raised in collateral proceedings, *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004), and we see no reason to invoke the narrow exception to that practice under the circumstances here.

Accordingly, the district court correctly concluded that Cruz Valerio did not carry his "substantial burden[,]" *King*, 604 F.3d at 139, required to justify withdrawing his guilty plea. It is therefore unnecessary to inquire into the third prong, prejudice to the government. *Martinez*, 785 F.2d at 116.[4]

---

[4] Cruz Valerio also contends that his plea of guilty was involuntary because he was essentially coerced by his attorney. The district court rejected that claim based on the

5

For the foregoing reasons, we will affirm the judgment of sentence.

---

testimony of Cruz Valerio's attorney. There is nothing in the record that would lead us to question that conclusion. It is well-settled that a guilty plea is not coerced when a defendant is motivated by avoiding the possibility that he will be convicted at trial and face a higher authorized penalty. *Brady v. United States*, 397 U.S. 742, 750-51, 90 S. Ct. 1463, 1470, 25 L. Ed. 2d 747 (1970). That is the only "coercion" we see here.