NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2979
_____

UNITED STATES OF AMERICA

v.

PHILIP CHARTOCK,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-05-cr-00614-002)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2014
_____

Before: AMBRO, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: February 26, 2014)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Philip Chartock ("Chartock") seeks review of the District Court's order

denying in part and granting in part his petition for a writ of *coram nobis*. For the

reasons set forth below, we will affirm the District Court's decision in its entirety.

## I. BACKGROUND

Since we write primarily for the parties, we recite only those facts necessary to our decision.

On May 8, 2007, a jury found Chartock guilty of one count of conspiracy to commit honest services fraud (Count 1), five counts of aiding and abetting honest services mail fraud (Counts 2-6), one count of aiding and abetting honest services wire fraud (Count 14), and two counts of money laundering (Counts 18 and 19). Chartock's counsel proposed jury interrogatories regarding the two theories of honest services fraud – failure to disclose a conflict of interest resulting in personal gain and bribery. In response to these interrogatories, the jury found Chartock guilty under both theories in four of the counts (Counts 2, 3, 4, and 14), but only guilty under the failure to disclose theory as to the remaining two counts (Counts 5 and 6). We affirmed his conviction and sentence. *United States v. Chartock*, 283 F. App'x 948 (3d Cir. 2008).

After being released from custody, Chartock filed a petition for a writ of error *coram nobis* based on the Supreme Court's decision in *United States v. Skilling*, 130 S. Ct. 2896 (2010). In *Skilling*, the Supreme Court found the failure to disclose a conflict of interest theory of honest services fraud to be invalid. However, the Supreme Court found the bribery theory of honest services fraud remained viable. *Id.* at 2907.

The District Court denied Chartock's petition as to the four counts upon which the jury found him guilty under both theories of honest services fraud, but granted his petition as to the two counts upon which the jury found him guilty only under the failure to disclose theory.

## II.  JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1651(a).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the determination of legal issues in a *coram nobis* proceeding de novo, but review findings of fact for clear error.  *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012).

## III.  ANALYSIS

Writs of *coram nobis* are "designed 'to correct errors of fact.'" *United States v. Denedo*, 556 U.S. 904, 910 (2009) (quoting *United States v. Morgan*, 346 U.S. 502, 507 (1954)).  "[A] writ of *coram nobis* can issue to redress a fundamental error, . . . as opposed to mere technical errors." *Id.* at 911.  The Supreme Court was "careful in *Morgan* to limit the availability of the writ to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *Id.*  (citing *Morgan*, 346 U.S. at 511).

We have observed that "[t]hose substantive errors which result in a person's charge and conviction for something not a crime are fundamental." *United States v. Stoneman*, 870 F.2d 102, 105 (3d Cir. 1989).  Specifically, we have stated writs of *coram nobis* are "used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody.'" *Id.* at 105-06.  Further, the writ is used "to correct errors for which there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." *Id.* at 106 (citing *Morgan*, 346 U.S. at 512).

Chartock raises two arguments on appeal: (1) since the indictment did not adequately charge the bribery theory of honest services fraud, he was convicted of conduct that is no longer criminal and (2) the evidence used in support of the failure to disclose theory "spilled over" to negatively impact the bribery prosecution.

The first argument regarding the sufficiency of the charging language in the indictment fails because Chartock did not raise it before the District Court. "'Generally, failure to raise an issue in the District Court results in its waiver on appeal.'" *Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009) (quoting *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006)). "We have recognized that we have discretionary power to address issues that have been waived. But we have limited our exercise of discretion to cases presenting exceptional circumstances." *Id.* (internal citations and quotation marks omitted). We perceive no exceptional circumstances warranting our exercise of discretion here.

In the first sentence of his argument, Chartock asserts he was convicted of conduct that is no longer criminal, but then does not provide any supporting reasoning for this assertion. We note the District Court was correct in its conclusion that "[c]ontrary to his contention, Mr. Chartock was convicted for conduct which is still a criminal offense, i.e., honest services fraud through bribery." *United States v. Chartock*, No. 05-614-02, 2013 WL 3009719, at *5 (E.D. Pa. June 18, 2013). "The [Supreme] Court has . . . determined that a verdict of guilty based arguably on alternative premises, one of which is erroneous, cannot stand on direct appeal where it is impossible to ascertain on which ground the defendant was convicted." *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988)

4

(citing *Chiarella v. United States*, 445 U.S. 222, 237 n.21 (1980)).  Here, in light of the jury's verdict, we can easily ascertain that Chartock was convicted under both the failure to disclose and bribery theories.  That is, Chartock was convicted under the bribery theory that continues to be valid after *Skilling*.

Chartock's second argument addressing prejudicial spillover similarly fails.  "When two charges are closely linked and we vacate a conviction on one of them, we must ensure that the error on the vacated charge has not affected the remaining charge." *United States v. Wright*, 665 F.3d 560, 575 (3d Cir. 2012).  In determining whether such prejudicial spillover has occurred, "[w]e apply a two-step test." *Id.*  In the first step, "we ask 'whether the jury heard evidence that would have been inadmissible at a trial limited to the remaining valid count[s].'" *Id.*  (quoting *United States v. Cross*, 308 F.3d 308, 317 (3d Cir. 2002)).  If the answer is yes, we proceed to the second step where "we ask whether that evidence (the 'spillover evidence') was prejudicial." *Id.*  (citing *Cross*, 308 F.3d at 317).

Here, as the District Court found, we may stop at the first step of the inquiry.  Other than Chartock's general statement that "[m]uch of the evidence at [his] trial would have been inadmissible at a hypothetical trial on honest services fraud on a bribery theory alone" (Appellant's Br. 15), Chartock identifies no evidence that would be inadmissible at a trial based solely on the bribery theory.  We are unaware of any specific evidence offered at trial that would have been excluded from a trial based only on the bribery theory.

## IV. CONCLUSION

In our judgment, the District Court did not err by denying in part Chartock's petition for a writ of error *coram nobis*. Chartock waived his argument regarding the sufficiency of the charging language in the indictment and no prejudicial spillover evidence exists. As such, we will affirm the District Court's order.