**CLD-203**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1377
_____

UNITED STATES OF AMERICA

v.

LARRY L. STULER,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-01-cr-00035-001)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: June 22, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Larry Stuler appeals pro se the District Court's denial of his petition for a writ of error coram nobis. We will summarily affirm.

I.

In October 2001, Stuler was sentenced to 24 months of imprisonment and fined $20,000 for failing to file income tax returns. See 26 U.S.C. § 7203. Both his direct appeal, see United States v. Stuler, 39 F. App'x 737 (3d Cir. 2002) (nonprecedential), and a subsequent 28 U.S.C. § 2255 motion were unsuccessful, as was a 2007 attempt to obtain collateral review.[1] Stuler began this action before the District Court in December 2014, six years after the most recent judgment against him, and 13 years after his conviction. He asked for a writ of error coram nobis, claiming that the District Court had always lacked jurisdiction over his case because the 2001 indictment did not charge him with "importing," which he alleged was an element of the charges against him. The District Court denied the petition, and Stuler appealed.

The government asks us to summarily affirm, arguing that Stuler failed to provide a sound reason for not having earlier made his arguments, either at his criminal trial or during the intervening years. Stuler's response details the provisions of several internal revenue statutes and regulations, none of which were part of the charges in his criminal case. He appears to argue that foreign commerce, as the basis of revenue generation,

---

[1] Stuler began by appealing his conviction, but we affirmed. Stuler, 39 F. App'x 737. He later filed a motion under 28 U.S.C. § 2255, which the District Court dismissed. See Stuler v. United States, W.D. Pa. Civ. No. 05-cv-00084.

implies "importing," and that importing is therefore essential to the generation of internal revenue. He further alleges that, because he was not charged with importing, the District Court lacked jurisdiction to convict him. Stuler's motion for "affirmative relief" essentially asks that his case be remanded to the District Court.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of legal issues on appeal from a decision denying coram nobis relief is de novo, and we review factual findings for clear error. United States v. Orocio, 645 F.3d 630, 635 (3d Cir. 2011). We may summarily affirm a judgment of the District Court if an appeal does not raise a substantial question. See L.A.R. 27.4; I.O.P. 10.6.; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The power to grant a writ of error coram nobis in criminal matters comes from the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Stoneman, 870 F.2d 102, 105 (3d Cir. 1989) (citing United States v. Morgan, 346 U.S. 502 (1954)). Coram nobis is used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of § 2255. See United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam). The standard for granting a writ of error coram nobis is even stricter than the standard for relief on direct appeal or on § 2255 review. Stoneman, 870 F.2d at 106. To establish that coram nobis relief is appropriate, the petitioner must demonstrate that (1) he suffers continuing consequences of the conviction, (2) no remedy

3

was available at the time of trial, (3) sound reasons exist for failing to seek relief earlier, and (4) the trial contained errors "of the most fundamental kind." Id. at 105-06. We emphasize that Stuler's claim must fail if he cannot establish any one of these elements. See id.

Here, after careful review of the record, we agree with the District Court's analysis. Stuler meets the threshold prerequisite for use of the extraordinary writ because he is no longer in custody. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003). But nothing in his filings suggest any error that could not have been raised or remedied during his criminal trial or on appeal, and he has not alleged any "sound reasons" for waiting roughly 13 years to challenge the trial court's jurisdiction. See Mendoza v. United States, 690 F.3d 157, 159-60 (3d Cir. 2012) (discussing the high threshold of the coram nobis "sound reasons" standard). Although his petition in the District Court mentioned in passing that Stuler spent "years and years" learning about the theories he raised to support his claim, this alone is insufficient to warrant such a delay. See id.

Moreover, despite his argument to the contrary, Stuler did not demonstrate that his criminal trial was invalid due to a fundamental error. See Stoneman, 870 F.2d at 106. Stuler was indicted and convicted for violating 26 U.S.C. § 7203. See United States v. McKee, 506 F.3d 225, 244 (3d Cir. 2007) (noting the elements of 26 U.S.C. § 7203 include that the defendant: (1) was required to file the tax returns; (2) failed to file them; and (3) acted willfully). Stuler's invocation of a host of unrelated statutes and regulations does not alter the fact that "importing" is not an element of a § 7203 charge. He has

4

therefore failed to satisfy his burden of establishing a fundamental error. See United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963) (holding that "(a)ny proceeding which is challenged by the writ is presumed to be correct and the burden rests on its assailant to show otherwise").

Because Stuler showed neither that any fundamental error occurred or that his argument could not have been raised earlier, he did not satisfy all of the elements necessary for coram nobis relief. Accordingly, the District Court was correct to decline to consider, as we do, whether Stuler continues to suffer consequences of his conviction. The District Court properly denied the petition.

IV.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. As Stuler's motion for affirmative relief asserts identical arguments in support of coram nobis relief, it is denied.