**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4026
_____

UNITED STATES OF AMERICA

v.

EDMOND N. GAUDELLI, JR.,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-02-cr-00275-001)
District Judge: Honorable David S. Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
March 31, 2017
_____

Before: VANASKIE, KRAUSE and RESTREPO, *Circuit Judges*.

(Filed: May 1, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Appellant Edmond Gaudelli files this appeal from the District Court's denial of his petition for writ of *coram nobis*. We will affirm.

**I**

In 2003, a federal jury convicted Gaudelli of perjury, 18 U.S.C. § 1621, based upon Gaudelli's false testimony in a civil deposition. On direct appeal of Gaudelli's perjury conviction, this Court summarized the factual history as follows:

> In June 1999, Gaudelli, a police officer with the City of Pittsburgh, filed a civil action against his employer and several police officers in his department alleging that after he had responded to a domestic violence call at the home of Chief of Police Robert McNeilly, he was told by his superiors to expunge the call from his records. Gaudelli claimed that when he tried to "[speak] out about police misconduct and harassment and other matters of public concern," the department and its officers retaliated against him in violation of his First Amendment right to free speech.
>
> At his deposition in the case, Gaudelli elaborately detailed responding to a domestic violence call at the McNeilly residence on September 28, 1996. He stated that a fellow officer instructed him not to log the response in his record and that other officers confided with him about similar encounters at the McNeilly home. Evidence was produced, however, contradicting Gaudelli's claims. McNeilly provided documentation that on the day of the alleged call, he and his family were vacationing in Florida. Several officers that Gaudelli referenced in his story denied his allegations. There was no record of such an event in the department's record-keeping system, and the individual who created the system stated that a record could not have been expunged from it. In light of this evidence, Gaudelli voluntarily dismissed the case.
>
> Subsequently, Gaudelli was tried for perjury in violation of 18 U.S.C. § 1621. At trial, the government presented evidence that the statements Gaudelli made during his

2

deposition were false. McNeilly testified that he was in Florida on the day that Gaudelli claimed to have responded to a call at his home. Several officers testified that Gaudelli had fabricated conversations he had alleged in his deposition testimony. Gaudelli presented several officers and dispatchers who testified that a call did come from the McNeilly residence on some unknown date. Ultimately, the jury convicted Gaudelli.

*United States v. Gaudelli*, 134 F. App'x 565, 566-67 (3d Cir. 2005).

Gaudelli was sentenced to twelve months' incarceration followed by two years of supervised release. *Id.* at 566. Thereafter, we remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). *Id.* Gaudelli was resentenced to twelve months and one day of incarceration and two years of supervised release. In 2007, the District Court granted Gaudelli's motion to terminate his supervised release.

More than seven years later, in 2014, Gaudelli filed the instant petition for a writ of *coram nobis*. Gaudelli contends that newly-discovered witnesses would prove that he did not commit perjury. Gaudelli also alleges ineffective assistance of counsel, including the claim that his criminal trial attorney labored under a conflict of interest because he was seeking an elected position as a judge.

The District Court denied *coram nobis* relief on two grounds. First, the District Court found that Gaudelli failed to prove that he suffers "continuing consequences" of an allegedly invalid conviction, as required by *United States v. Stoneman*, 870 F.2d 102, 105 (3d Cir. 1989). Second, the District Court held that Gaudelli did not establish "sound reasons" for his substantial delay in seeking relief under *Stoneman*. *Id.* at 106 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)). This timely appeal followed.

3

## II

"The District Court had jurisdiction over the petition under 28 U.S.C. § 1651(a), in aid of its jurisdiction pursuant to 18 U.S.C. § 3231." *Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291. *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam). We review *de novo* legal errors arising from the denial of a writ of *coram nobis*. *Id.*

## III

The authority to grant a writ of *coram nobis* arises under the All Writs Act, 28 U.S.C. § 1651(a). *Stoneman*, 870 F.2d at 105 (citing *Morgan*, 346 U.S. at 506). A petition for *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C.A. § 2255." *Stoneman*, 870 F.2d at 105-06. The remedy of *coram nobis* is "extraordinary," and the error must be "of 'the most fundamental kind.'" *Id.* at 106 (quoting *United States v. Cariola*, 323 F.2d 180, 184 (3d Cir. 1963)); *see also United States v. Denedo*, 556 U.S. 904, 911 (2009). "Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise." *Stoneman*, 870 F.2d at 106 (citation omitted). The petitioner must also establish that "there was no remedy available at the time of trial" and that "'sound reasons' exist for failing to seek relief earlier." *Id.* (quoting *Morgan*, 346 U.S. at 512). For example, *coram nobis* relief has been granted based upon extraordinary, newly-discovered evidence, which could not have been discovered through due diligence. *Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987) (granting *coram nobis*

4

petition based upon suppressed military report regarding Japanese exclusion orders during World War II).

As to Gaudelli, we will assume without deciding that he suffers "continuing consequences" of his perjury conviction. *Stoneman*, 870 F.2d at 106.[1] Nevertheless, we agree with the District Court that there are no sound reasons for his delay in seeking relief. The "'sound reason' standard is even stricter than that used to evaluate" federal habeas petitions, *Mendoza*, 690 F.3d at 159, and the availability of the writ is limited to "extraordinary" cases so that the finality of judgments is not at risk, *Denedo*, 556 U.S. at 911. Gaudelli's purported reason for the late filing of his *coram nobis* petition amounts to no more than repetition of the same attacks on Police Chief McNeilly that he has pursued since filing his civil lawsuit in 1999. Gaudelli's argument is circular. He alleges that McNeilly retaliated against him. It follows, Gaudelli argues, that his witnesses would reasonably fear coming forward to assist him. Therefore, Gaudelli concludes, it took years of investigation for him to prove that his retaliation claims were not perjured.

---

[1] The Circuits are split as to whether a court may presume the existence of collateral consequences from the fact of a conviction for the purposes of a *coram nobis* petition. *See United States v. George*, 676 F.3d 249, 254 (1st Cir. 2012) (collecting cases). This Court has not definitively ruled on this issue, which we addressed in dicta in *United States v. Osser*, 864 F.2d 1056, 1060 (3d Cir. 1988) (declining to presume for *coram nobis* purposes that collateral consequences follow a conviction, but noting that the issue was undisputed by the parties). We need not resolve this issue, as we reject Gaudelli's petition on other grounds.

The mere repetition of Gaudelli's debunked allegations does not justify his delay in seeking relief.[2]  As such, his *coram nobis* petition was properly denied.

## IV

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] The District Court also noted, and Gaudelli does not dispute, that McNeilly's term as Police Chief ended on January 2, 2006.  This was more than eight years before Gaudelli filed his *coram nobis* petition.