BLD-280                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1575
_____

UNITED STATES OF AMERICA,


v.

FREDERICK H. BANKS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00245-001)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 15, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: August 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

        In October 2004, a jury in the Western District of Pennsylvania found Frederick

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Banks guilty of mail fraud, criminal copyright infringement, uttering and possession of a counterfeit or forged security, and witness tampering. We affirmed his convictions and sentence. See United States v. Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). Since then, Banks has unsuccessfully challenged these convictions through various petitions for post-conviction relief, including a motion to vacate his sentence under 28 U.S.C. § 2255, petitions for a writ of error coram nobis, and motions under Rule 60(b). He has now completed serving his sentence and term of supervised release.

In February 2017, Banks filed in the District Court the petitions at issue in this appeal—petitions for writs of error coram nobis and audita querela, as well as a motion for a hearing on the petitions. In these petitions, Banks claimed that he was incompetent to stand trial in 2004 due to mental illness, and that his trial counsel rendered ineffective assistance by failing to pursue the issue despite his requests. In support of his argument, Banks noted that he was recently declared incompetent to stand trial in a separate criminal case. By order entered March 1, 2017, the District Court denied relief. Banks timely appealed.[1]

We will summarily affirm the District Court's order because this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6. First, the District Court did not err in denying the petition for a writ of error coram nobis. A writ of error coram nobis is available to challenge an invalid conviction that has continuing consequences, when the petitioner has served his sentence and is no longer "in custody" for purposes of a motion

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

to vacate under 28 U.S.C. § 2255.  United States v. Stoneman, 870 F.2d 102, 105–06 (3d Cir. 1989).  Use of the writ is appropriate to correct errors for which there was no remedy available at the time of trial, and where sound reasons exist for failing to seek relief earlier.  Id.  In this case, Banks has failed to meet this requirement; although Banks asserted that he "only just learned that he has delusional disorder," he contradictorily states that he was concerned enough about his competency at the time of his trial to raise the issue with his attorney.  As the District Court explained, the fact that Banks was declared incompetent to stand trial in 2016 has no bearing on whether he was incompetent in 2004.  Consequently, he has not demonstrated that he had "'sound reasons' … for failing to seek relief earlier."  Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (quoting Stoneman, 870 F.2d at 106).

The District Court also correctly concluded that there was no basis for a writ of audita querela to issue.  Like coram nobis, a common law writ like audita querela can be used to the extent that it "fill[s] in the gaps" in post-conviction remedies.  United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).  Banks's present claims can be raised via 28 U.S.C. § 2255; his lack of success in a previous § 2255 motion does not allow him to use the writ of audita querela to circumvent AEDPA's gatekeeping requirements.  See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

Finally, under these circumstances, we see no abuse of discretion in the District Court's decision to deny Banks's request for an evidentiary hearing.  Accordingly,

3

because this appeal does not present a substantial question, we will summarily affirm the

District Court's order.  <u>See</u> LAR 27.4; I.O.P. 10.6.

4