**ALD-045**                                                    **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 17-2701
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:03-cr-00245-001)
District Judge: Honorable Nora Barry Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 9, 2017

Before: MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 25, 2018)
_____

OPINION[*]
_____

PER CURIAM

       Frederick Banks appeals pro se from the District Court's order denying his petition

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

for a writ of error coram nobis or, in the alternative, a writ of audita querela. He also

appeals from the District Court's order denying reconsideration of that order. For the

following reasons, we will summarily affirm.

I.

In October 2004, following a jury trial in the United States District Court for the

Western District of Pennsylvania, Banks was convicted of mail fraud, copyright

infringement, and additional related offenses. We affirmed. See United States v.

Vampire Nation, 451 F.3d 189, 192 (3d Cir. 2006). The District Court later denied

Banks's motion under 28 U.S.C. § 2255, and we denied a certificate of appealability.

United States v. Banks, C.A. No. 06–3671 (order entered Dec. 17, 2007). Since then,

Banks has filed dozens of other motions and petitions in the District Court challenging

his 2004 convictions, and those filings have generated dozens of unsuccessful appeals.

Banks has now completed serving his sentence and term of supervised release.

At issue here is Banks's July 2017 petition for a writ of error coram nobis, or, in

the alternative, a writ of audita querela. In the petition, Banks claims that: (1) trial

counsel misrepresented the sentence he was likely to receive if he pleaded guilty, and

attempted to coerce him into accepting the plea; (2) the 2004 convictions were

"impossible" because the government alleged that he had printed the labels used to

commit his crimes with a color printer when in fact the ink was black and white; and

(3) his decision to forego a guilty plea and proceed to a jury was not "knowing and

2

intelligent" because trial counsel had failed to advise him that he would face an "enhanced sentence" before a jury.

The District Court denied the petition, concluding that Banks had not demonstrated that he was entitled to the extraordinary relief provided by either of these writs. Banks moved for reconsideration, but the District Court denied his request. Banks timely appealed.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise de novo review over legal issues arising from the denial of coram nobis and audita querela relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). We review a district court's denial of a motion to reconsider for abuse of discretion, exercising de novo review over that court's legal conclusions and reviewing its factual findings for clear error. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

## III.

A.    Writ of Error Coram Nobis

---

[1] On August 9, 2017, the District Court entered an order clarifying that it intended for its August 3, 2017 order to dispose of Banks's motion for reconsideration. To the extent that Banks seeks review of this order as well, we see no error here.

"The rare remedy of a writ of error coram nobis may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (internal quotation marks omitted). The writ is reserved for "exceptional circumstances," United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988), and is appropriate only to (1) "correct errors for which there was no remedy available at the time of trial," and (2) "where 'sound reasons' exist for failing to seek relief earlier," Mendoza, 690 F.3d at 159 (quoting United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989)). The standard for coram nobis is even more stringent than that used to evaluate § 2255 motions. Stoneman, 870 F.2d at 106. Furthermore, as the Supreme Court has noted, "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal alteration omitted).

We agree with the District Court that Banks failed to present exceptional circumstances warranting coram nobis relief. In particular, even assuming that Banks's 2004 convictions still carry certain consequences, he failed to demonstrate that "sound reasons" exist for his raising his claims over a decade after his convictions. Although Banks claims that he was unable to seek relief earlier because he did not "receive[] his discovery in this case" until 2015, (Pet., Dist. Ct. dkt # 772,

4

at 2), nothing from the discovery file was attached to his coram nobis petition, and he has not otherwise demonstrated that the lack of access to that file prevented him from raising his claims earlier. Accordingly, the District Court did not err in denying coram nobis relief.

B. Writ of Audita Querela

The District Court also correctly concluded that there was no basis for a writ of audita querela to issue. Like coram nobis, a common law writ like audita querela can be used to the extent that it fills in the gaps in post-conviction remedies. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). If, however, "a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (quotation marks omitted). Although Banks asserts that he was unable to raise the present claims on direct appeal because "counsel would not file or perfect the appeal in relation to ineffective issues on himself," (Pet., Dist. Ct. dkt # 772, at 2-3), Banks does not explain why he was unable to raise them via 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Banks's lack of success in a previous § 2255 motion does not allow him to use the writ of audita querela to circumvent AEDPA's gatekeeping requirements. See Massey, 581 F.3d at 174. Accordingly, the District Court properly denied relief.

5

C. Motion for Reconsideration

Lastly, the District Court acted well within its discretion in denying Banks's motion for reconsideration. A district court may grant a motion for reconsideration if the moving party shows: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). In seeking reconsideration here, however, Banks merely reiterated the arguments set forth in his petition, and claimed—without any support whatsoever—that the District Court had denied him relief because he is an American Indian. Under these circumstances, we see no abuse of discretion in the District Court's order.

## IV.

For these reasons, we conclude that this appeal presents no substantial question. Therefore, we will summarily affirm the District Court's orders. See Third Circ LAR 27.4 and I.O.P. 10.6.[2]

---

[2] Banks's motion for appointment of counsel and a guardian ad litem is denied.