CLD-109                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3305

_____

UNITED STATES OF AMERICA

v.

WADE KNIGHT,
                                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-00-cr-00038-001)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2018
Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed:  April 2, 2018)

_____

OPINION*

_____

PER CURIAM

　　　　Wade Knight appeals pro se from the District Court's order denying his petition

for a writ of error coram nobis.  For the following reasons, we will summarily affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2000, a jury in the United States District Court for the Eastern District of Pennsylvania found Knight guilty of Hobbs Act robbery, see 18 U.S.C. § 1951, and a related conspiracy count. At sentencing, the District Court applied a two-level enhancement for reckless endangerment during flight pursuant to U.S.S.G. § 3C1.2. The District Court sentenced Knight to 235 months in prison. This Court affirmed the judgment, C.A. No. 00-2695, and the Supreme Court denied certiorari.

Thereafter, Knight filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied relief on the merits, this Court denied Knight a certificate of appealability, and the Supreme Court once again denied certiorari. Knight has since pursued a number of unsuccessful post-conviction motions, including motions pursuant to Rule 60(b) and 18 U.S.C. § 3582(c). He has also filed a number of unsuccessful applications in this Court for leave to file a successive § 2255 motion.

At issue here is Knight's September 2017 petition for a writ of error coram nobis. In the petition, Knight claims that his appellate counsel rendered ineffective assistance by failing to challenge the § 3C1.2 reckless-endangerment enhancement at sentencing. The District Court denied the petition on the ground that coram nobis relief is available only to defendants who are no longer in custody, and Knight is still in custody.[1] Knight timely appealed.

_____

[1] Knight stated in his petition that "he has served this court's term and is now serving another term as of July 2017." (Pet. at 11, ECF Doc. No. 255.)

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise de novo review over legal issues arising from the denial of a petition for a writ of error coram nobis. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

## III.

We agree with the District Court that Knight was not entitled to coram nobis relief. "The rare remedy of a writ of error coram nobis may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (internal quotation marks omitted). In this case, however, Knight is still "in custody"; the fact that he has completed the sentence he challenges does not make § 2255 unavailable, as he is now serving another sentence. See Garlotte v. Fordice, 515 U.S. 39, 47 (1995) (holding that a petitioner who is serving consecutive sentences is "in custody" and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served); DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (explaining that the Garlotte rule applies even when the consecutive sentence is imposed at a different time). Accordingly, we agree with the District Court that

3

Knight may not circumvent the limitations on filing successive § 2255 motions, see §

2255(h), by raising this challenge via a writ of error coram nobis.

## IV.

For these reasons, we conclude that this appeal presents no substantial question.

Therefore, we will summarily affirm the District Court's order.  See Third Cir. LAR

27.4 and I.O.P. 10.6.