**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1165
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. Action No.2-04-cr-00176-001)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 18, 2018
Before: SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: June 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Frederick Banks appeals the District Court's orders denying his post-conviction

motions.  For the reasons below, we will affirm the District Court's orders.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2005, Banks was convicted of mail fraud and was subsequently sentenced to 63 months in prison and three years of supervised release. On direct appeal, we affirmed his conviction and sentence. See United States v. Banks, 300 F. App'x 145 (3d Cir. Nov. 28, 2008). In 2011, Banks filed a motion pursuant to 28 U.S.C. § 2255 which the District Court denied. We denied Banks's request for a certificate of appealability. See C.A. No. 12-1336.

In February 2017, Banks filed a "Motion to Hold a Hearing," in which he sought to vacate his convictions through a petition for coram nobis or audita querela. Later, in July 2017, Banks filed another document, titled "Petition for a Writ of Coram Nobis or in the alternative a Writ of Audita Querela." The District Court denied the motion and the petition. Banks filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise de novo review over legal issues arising from the denial of coram nobis and audita querela relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam).

A writ of coram nobis is available to challenge an invalid conviction with continuing consequences when the petitioner is no longer in custody. Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012). However, such relief is only available for errors for which there was no remedy at the time of trial. Id. In addition, sound reasons must exist for the petitioner's failure to seek relief earlier. Id. The Supreme Court has noted, "it is difficult to conceive of a situation in a federal criminal case today where a

writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal alteration and quotation marks omitted).

As for the writ of audita querela, it is available as residual post-conviction relief "to the extent that it fills in gaps in the current system of post-conviction relief." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam). Thus, relief via a petition for a writ of audita querela is not available where a specific statute addresses the issue at hand. Id. A motion pursuant to 28 U.S.C. § 2255 is the proper vehicle for collaterally challenging a federal conviction or sentence. Id.

In his brief on appeal, Banks argues that his trial counsel misadvised him regarding the sentence he was facing, and this misinformation "coerced" Banks into going to trial. We agree with the District Court that Banks failed to present exceptional circumstances warranting coram nobis relief. Even assuming that Banks's 2005 convictions still carry continuing consequences,[1] he failed to demonstrate that "sound reasons" exist for his raising these arguments over a decade after he was convicted. Accordingly, the District Court did not err in denying coram nobis relief. Because Banks could have brought these claims in a motion filed pursuant to 28 U.S.C. § 2255, there are no gaps in the system of post-conviction relief with respect to this claim, and the District Court did not err in denying the petition for audita querela.

---

[1] To the extent that Banks is arguing that he would have pleaded guilty and received a shorter sentence, he is challenging only the length of the sentence he received. Although there may be continuing consequences due to a *conviction*, there is no presumption of collateral consequences with a fully satisfied criminal *sentence*. See Maciel v. Cate, 731 F.3d 928, 931 (9th Cir. 2013).

3

Banks also argues on appeal that the District Court violated his due process rights because it failed to appoint him a guardian or attorney after he was declared incompetent in his pending criminal proceedings. The District Court did not err in refusing to appoint a guardian. The criminal proceedings at issue here were completed years ago, and Banks has finished serving his sentence. He does not have an active challenge to this criminal conviction such that the appointment of counsel would be necessary. Cf. Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012) (District Court may perform the screening required by 28 U.S.C. §§ 1915A & 1915(e)(2) on claims brought by incompetent litigant). Nor does the finding of incompetency by the District Court in Banks's *active* criminal case, where he is represented by counsel, entitle him to the appointment of counsel to challenge *closed* criminal cases.

For the above reasons, we will affirm the District Court's judgment.