**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-3736 and 10-4543
_____

ISAN CONTANT,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A097-532-416)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed: August 2, 2011)

_____

OPINION
_____

PER CURIAM

Isan Contant petitions for review of two decisions of the Board of Immigration

Appeals ("BIA").  We will deny his consolidated petitions for review.

I.

Contant is a citizen of Trinidad and Tobago. He entered the United States in 2004 on a tourist visa, and stayed longer than permitted. In August 2007, he pleaded guilty to criminal possession of a controlled substance in the third degree in violation of New York law, and in October 2007 he was sentenced to one year imprisonment and two years probation. In December 2007, the Department of Homeland Security charged Contant with being removable because he had overstayed his visa. Contant was taken into custody on March 7, 2008 and was ordered detained without bond.

Contant filed a Petition for Amerasian, Widow(er) or Special Immigrant (Form I-360) to obtain a visa pursuant to INA § 204(a)(1) [8 U.S.C. § 1154(a)(1)], as amended by the Battered Immigrant Women Protection Act of 2000, Public Law 106-386 (Oct. 28, 2000).[1] On August 24, 2009, the United States Citizenship and Immigration Service ("USCIS") denied the I-360 petition because he had not established that he was a person of good moral character.[2] A.R. 97-101. In September 2009, Contant filed a motion for

---

[1] Contant's visa petition alleged that he had been subjected to battery or extreme cruelty by his United States-citizen spouse.

[2] The USCIS explained its reasons for finding that Contant could not show good moral character; namely, he pled guilty to a charge of criminal possession of a controlled substance, a felony, on August 7, 2007 (although the conviction was on appeal); he was arrested three times in the 3-year period prior to filing the petition, and was arrested three times in the time period immediately preceding the three year period. The USCIS concluded that pursuant to section § 101(f) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1101(f)], he could not be regarded as a person of good moral character.

reopening or reconsideration of the USCIS decision.[3]  On February 16, 2010, Contant

applied for Special Rule Cancellation under INA Section 240A(b)(2) [8 U.S.C.

§ 1299b(b)(2)] in removal proceedings.  However, on May 28, 2010, Contant filed a

motion to withdraw the application, and for a continuance pending the final adjudication

of his appeal of the I-360 decision.  The IJ granted the motion to withdraw the

cancellation application.  As to the motion for a continuance, the IJ noted that although

he had granted several continuances in the past in order for Contant to pursue his

application, a continuance was not warranted based on the criteria in Matter of Hashmi,

24 I. & N. Dec. 785 (BIA 2005), primarily because Contant was not likely to be

successful in his appeal.  The IJ predicted that the USCIS would again determine that

Contant's visa petition was not prima facie approvable, based on his failure to show good

moral character.  The IJ ordered that Contant be removed to Trinidad and Tobago.

In a decision dated September 10, 2010, the BIA stated that the IJ properly applied

Matter of Hashmi in denying the motion for a continuance, and that the IJ did not violate

Contant's due process rights in denying the motion.  The BIA also rejected Contant's

argument that the IJ erred in failing to advise him that he could apply for asylum or

related relief, as Contant had not ever expressed to the IJ a fear of returning to Trinidad

and Tobago, despite numerous opportunities to do so.  Contant filed a timely petition for

review of the decision, docketed here at 10-3736.

---

[3] The record shows that both Contant and the IJ referred to the motion as an "appeal," and we will do likewise for ease of reference.

In the meantime, Contant filed a motion to reopen with the BIA, including a new I-360 petition and an explanation of his criminal history. The BIA denied the motion on November 8, 2010 stating that the evidence submitted did not persuade the BIA that his application was prima facie approvable. The BIA stated that Contant's explanation of his criminal history did "not overcome the findings made on August 24, 2009 and July 8, 2010"[4] by the USCIS. Contant filed a timely petition for review, docketed at 10-4543. The petitions were consolidated for decision.

## II.

We first turn to the issues raised by Contant's petition for review of the September 10, 2010 decision. Contant argues that the IJ abused his discretion in denying a continuance to await the appeal of the denial of Contant's I-360 application, and that the BIA abused its discretion by affirming the IJ's decision. The Government argues that this portion of Contant's petition for review must be dismissed as moot. We agree. As the Government notes, a federal court cannot rule on a case where the outcome cannot affect the rights of the litigant. Invista S.À.R.L. v. Rhodia, S.A., 625 F.3d 75, 86 (3d Cir. 2010). Contant's "appeal"[5] of the I-360 denial was decided on July 8, 2010, even before the BIA affirmed the IJ's decision to deny a continuance. See A.R. 103-04 (USCIS decision denying motion to reopen or reconsider). Thus, even if we found that the IJ

---

[4] One of the attachments to Contant's motion to reopen was a decision of the USCIS, dated July 8, 2010, denying his motion to reopen or reconsider. A.R. 103-04.

[5] See supra, n. 3.

4

should have granted a continuance,[6] there is no relief we could grant at this point.

Contant argues the issue is not moot because he still has pending in the United States Court of Appeals for the Second Circuit an appeal from the denial of a mandamus petition (the petition sought review of the denial of the I-360 application), and that he could still seek a continuance pending the Second Circuit's decision. We take judicial notice that the Second Circuit granted the Appellees' motion for summary affirmance in that appeal on July 5, 2011, see Contant v. Napolitano, C.A. No. 10-5301-pr (2d Cir. Jul. 5, 2011); and, in any event, whether Contant could seek a continuance for another reason has no bearing on whether this Court could grant effectual relief on Contant's claim that the IJ and BIA erred here. We thus dismiss this portion of the petition for review.

Contant's remaining challenge to the September decision is that the BIA erred in rejecting his argument that the IJ failed to inform him of his ability to apply for various forms of relief from removal, and/or cancellation of removal. The IJ mentioned several times that he could possibly grant Contant voluntary departure, see A.R. 286, 288, 291, but Contant did not indicate that he was interested in that relief.[7] Contant was aware that the USCIS had found him ineligible for adjustment of status through his I-360 application. The IJ urged him to consider applying for cancellation of removal, but

---

[6] As the reader will infer from the discussion in the following section, we do not believe the IJ erred in denying a continuance.

[7] Contant was clearly aware of this form of relief. At one point in a hearing he stated to the IJ, "I understand that you've got to tell me what I'm eligible for, like

Contant insisted that he did not want to pursue that application. A.R. 283-88, 290-92, 309-12, 318-19, 332-33.

The only remaining relief would be asylum, withholding of removal, or protection under the Convention Against Torture. Contant notes that his sworn affidavit in the record states that he feared persecution or torture if he were to be removed from the United States. It is true that Contant answered "Yes" to the affidavit form's question, "Do you have any fear of persecution or torture should you be removed from the United States?" A.R. 471. However, while Contant was represented by counsel, he was asked what relief he would be applying for, and his attorney mentioned only the pending I-360. A.R. 224. As the Government points out, Contant had twenty-two hearings before the IJ, and never once expressed a fear of returning to Trinidad and Tobago. Further, even if the IJ should have informed Contant about asylum and related relief, Contant cannot show that he was prejudiced by the IJ's failure. Contant complained of the IJ's alleged failure in his brief to the BIA and in his brief in this Court, but he did not affirmatively state in either brief that he has any fear of returning to his home country, nor did he explain the basis of any such fear. We therefore deny the claim.

III.

We now turn to Contant's claim that the BIA abused its discretion in denying his motion to reopen. The decision to deny a motion to reopen is reviewed for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under that standard, the

voluntary departure . . . ." A.R. 342.

6

BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The BIA, quoting 8 C.F.R. § 1003.2(c)(1), noted that a "motion to reopen shall not be granted unless it appears that the evidence sought to be offered 'was not available and could not have been discovered or presented at the former hearing.'" The BIA denied Contant's motion because the evidence he presented was not "material evidence which would affect the outcome of his proceedings." A.R. 2. The BIA stated that the evidence did not persuade it "that his proffered [I-360] application is prima facie approvable," and that his "proffered explanation regarding his criminal history [did] not overcome the findings made on August 24, 2009 and July 8, 2010" by the USCIS. Id. We do not find that the BIA abused its discretion in denying the motion. Contant's prior I-360 application had been denied, and his motion to reconsider or reopen had also been denied, based on his failure to show good moral character. The documents that Contant submitted did not negate the USCIS's findings that he had been convicted of a crime and that he had been arrested a number of times. Thus, there was very little likelihood that the USCIS would change its mind and grant a new application based on the same application and the same facts regarding Contant's moral character.[8] Because the application was unlikely to be

---

[8] Contant argues his conviction should not have been considered for purposes of determining whether he has good moral character, because the conviction was still on appeal. However, the cases cited by Contant concern finality of a conviction for purposes of removability. In contrast, a conviction need not be final to be considered as a factor in determining whether an applicant is a person of good moral character, by statutory definition. See 8 U.S.C. § 1101(f) [INA § 101(f)] (providing, inter alia, that a person

7

successful, the BIA did not abuse its discretion in denying the motion to reopen.

For the foregoing reasons, we will dismiss Contant's petition in part, and deny the remaining claims of the consolidated petitions for review.

---

cannot be found to have good moral character if he "admits the commission" of certain controlled substance violations); see also e.g., Sanchez v. Holder, 560 F.3d 1028, 1031 (9th Cir. 2009) (alien who "admitted to aiding his wife to enter the United States illegally" cannot establish good moral character).