NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2742

_____

UNITED STATES OF AMERICA

v.

ISAN CONTANT,
                                      Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-10-cr-00355-001)
District Judge:  Honorable Chief Judge Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
March 08, 2012

BEFORE:  McKEE, *Chief Judge*, and SCIRICA, AMBRO, *Circuit Judges*

(Opinion Filed: April 26, 2012)

_____

OPINION OF THE COURT

_____

McKEE, *Chief Judge*.

Isan Contant, a citizen and national of Trinidad and Tobago, was indicted by a

Grand Jury on a charge of hindering his own removal from the United States in violation

of 8 U.S.C. § 1253(a)(1)(C).  A non-jury trial commenced on February 7, 2011, and on

1

February 23, 2011, the court found Contant guilty. The District Court imposed a 14-month sentence followed by a one-year term of supervised release.

Contant now appeals, arguing that he could not be convicted of hindering removal under 8 U.S.C. § 1253(a)(1)(C) because he had a stay of removal pending when the Government attempted to deport him. For the reasons explained below, we will affirm his conviction.[1]

Because we write primarily for the benefit of the parties, we need not set forth the facts or procedural history underlying this appeal. As we have just noted, Contant argues that since a stay of removal was pending when the Government attempted to deport him, he could not be convicted of hindering removal. The claim is clearly without merit.

As a threshold matter, we agree with the District Court's conclusion that it lacked the authority to review the validity of the underlying orders of the Immigration Judge and the Board of Immigration Appeals. Section 1252(b)(7)(A) of the Immigration and Nationality Act allows a defendant charged with a violation of section 1253(a) to collaterally challenge the validity of the removal order "if the validity of an order of removal has not been judicially decided." 8 U.S.C. § 1252(b)(7). A defendant must file a motion with the court prior to trial on the pending criminal charge in order to obtain review. *Id*. Because Contant did not file a motion attacking the removal order, he cannot now attempt to collaterally challenge the June 14, 2010 removal order.[2]

---

[1] The District Court had jurisdiction over this action pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Contant argues that his pretrial memorandum detailed the issues on appeal here and therefore suffices as a motion attacking the removal order. Under the plain language of

Moreover, even if the District Court had jurisdiction, Contant's August 7, 2007 conviction in state court for controlled substance possession would render his I-360 petition not prima facie valid. Contant argues that, because his appeal of that prior conviction was pending in the New York Court of Appeals at the time that he submitted his I-360 petition, he had not actually been previously "convicted" of a crime. That argument is meritless. "[A]n alien is considered convicted for immigration purposes upon the initial satisfaction of the requirements of 8 U.S.C. § 1101(a)(48)(A)." *Pinho v. Gonzales*, 432 F.3d 193, 204-05 (3d Cir. 2005). Section 1101(a) provides that:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilty has been withheld, where –
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Because Contant previously pleaded guilty in the state criminal case, Section 1101(a)(48(A) applies to his conviction. *See, e.g., Montenegro v. Ashcroft*, 355 F.3d 1035, 1037 (7th Cir. 2004). Based on the previous plea of guilty in state court, Contant was "convicted" for purposes of determining his eligibility for an I-360 petition.

8 U.S.C. § 1229a(c)(7)(C)(iv) provides for an automatic stay of removal but only "qualified aliens," as defined in 8 U.S.C. § 1641(c)(1)(B), are eligible. The USCIS determined that Contant was ineligible for relief because his conviction for criminal

---

the statute, a pre-trial memorandum, not styled as a motion attacking the removal order, would not satisfy the requirement to raise the collateral attack in a motion before the District Court prior to trial.

possession of a controlled substance and his criminal history precluded him from establishing the requisite good moral character.[3] He was therefore not eligible for adjustment of status, and no stay of removal was in place at the time of his conviction for hindering removal. After reviewing Contant's conviction and lengthy arrest record, we agree that his I-360 petition was not prima facie valid because Contant can not establish the requisite good moral character. Thus, he can not be considered a "qualified alien" pursuant to 8 U.S.C. § 1641(c)(1)(B), and he can not avail himself of the automatic stay in 8 U.S.C. § 1229a(c)(7)(C)(iv).

Thus, for the reasons expressed above, we will affirm the judgment of the District Court.

---

[3] Similarly, Contant's I-360 petition does not entitle him to a stay because he can not establish that he possesses the required "good moral character" pursuant to INA Section 204(a)(1).