PS3-050                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4327
_____

UNITED STATES OF AMERICA

v.

ISAN CONTANT,
                                          Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:10-cr-00355-001)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2016

Before:  FISHER, SHWARTZ and COWEN, Circuit Judges

(Opinion filed: January 12, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Isan Contant appeals pro se from the District Court's order denying his petition for

a writ of error coram nobis.  For the reasons that follow, we will affirm that order.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. Contant is a citizen of Trinidad and Tobago. In 2010, an Immigration Judge ("IJ") ordered Contant's removal from the United States for having overstayed his tourist visa. After the Board of Immigration Appeals ("BIA") upheld that decision on appeal,[1] the Government attempted to remove Contant but he thwarted those efforts. As a result, Contant was charged in the District Court with hindering his removal in violation of 8 U.S.C. § 1253(a)(1)(C). After a bench trial, the District Court found Contant guilty of that charge and sentenced him to 14 months in prison and 12 months of supervised release. While Contant's direct appeal was pending, he was removed to Trinidad and Tobago, where he currently resides. In April 2012, we rejected Conant's challenge to his conviction as meritless and affirmed the District Court's judgment. See United States v. Contant, 467 F. App'x 141, 142-43 (3d Cir. 2012).

In October 2013, the BIA reopened Contant's immigration case pursuant to its sua sponte authority and remanded to the IJ for further proceedings.[2] Several months later, Contant filed a pro se coram nobis petition in the District Court, attacking his hindering removal conviction. He argued, inter alia, that this conviction could not stand because

[1] We subsequently denied Contant's petition for review challenging the BIA's decision. See Contant v. Att'y Gen., 441 F. App'x 105 (3d Cir. 2011) (per curiam).

[2] The status of those immigration proceedings is unclear from the available record.

2

the BIA's grant of reopening meant that there was no longer a final order of removal outstanding against him. The Government opposed granting coram nobis relief.

On September 12, 2014, the District Court denied Contant's coram nobis petition. The District Court began by noting that his "circumstances and his argument in support of his [petition] are unique; indeed, the Court found no case law addressing an identical situation." (Dist. Ct. Mem. entered Sept. 12, 2014, at 6-7.) Despite this lack of authority, the District Court "found an analogous line of cases from persuasive authority that suggests that [his] contention should be rejected." (Id. at 9.) The District Court pointed to appellate decisions from the First, Second, and Fourth Circuits, which have held that the reopening of removal proceedings does not retroactively nullify an alien's violation of a voluntary departure order. See DaCosta v. Gonzales, 449 F.3d 45, 50-51 (1st Cir. 2006); Singh v. Gonzales, 468 F.3d 135, 139 (2d Cir. 2006); Odogwu v. Gonzales, 217 F. App'x 194, 198 (4th Cir. 2007) (non-precedential per curiam opinion). The District Court found these cases "instructive," and concluded that the reopening of Contant's removal proceedings "does not automatically and retroactively overturn his conviction under a then-valid and administratively final removal order." (Dist. Ct. Mem. entered Sept. 12, 2014, at 11.) The District Court also rejected as meritless the other claims in Contant's coram nobis petition. This timely appeal followed.[3]

---

[3] Contant does not need a certificate of appealability to proceed with this appeal. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam). We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

II.

A coram nobis petition "may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (certain internal quotation marks omitted).[4] That said, coram nobis is a "rare remedy," and is appropriate only to (1) "correct errors for which there was no remedy available at the time of trial," and (2) "where 'sound reasons' exist for failing to seek relief earlier." Id. (quoting United States v. Stoneman, 870 F.2d 102, 106 (3d Cir. 1989)). The standard for coram nobis relief is even more stringent than that used to evaluate § 2255 motions, Stoneman, 870 F.2d at 106, and both we and the United States Supreme Court have noted that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Mendoza, 690 F.3d at 159 (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)). In reviewing a district court's denial of a coram nobis petition, we apply a de novo standard to the district court's legal conclusions and examine its factual findings for clear error. See id.

As noted above, Contant argues that, in light of the BIA's 2013 decision reopening his removal proceedings, his hindering removal conviction cannot stand because there is

---

[4] Contant is no longer in custody for purposes of § 2255, and we assume for the sake of argument that his hindering removal conviction has continuing consequence. Cf. United States v. Osser, 864 F.2d 1056, 1060 (3d Cir. 1988) (assuming, without deciding, that the latter requirement had been satisfied).

4

no longer a final order of removal outstanding against him. This argument, though novel, is unpersuasive. The BIA's decision to reopen does not change the fact that there was a final order of removal outstanding at the time Contant hindered the Government's efforts to remove him. Reopening of his removal proceedings was based on developments that took place well after Contant hindered his removal, and he has not made a convincing argument for retroactively applying the BIA's reopening order to somehow nullify his conviction.[5] We agree with the District Court that the line of cases involving the effect of reopening on violations of voluntary departure orders is persuasive and sufficiently analogous to warrant rejecting Contant's argument.[6]

Contant also claims that the District Court lacked jurisdiction over his hindering removal charge and that the attorneys who represented him during his criminal proceedings were ineffective. The District Court rejected these claims, concluding that Contant's jurisdictional claim was meritless and that his ineffective assistance of counsel

---

[5] At trial, Contant argued that he could not be found guilty of hindering his removal because he had been subject to an automatic stay of removal under 8 U.S.C. § 1229a(c)(7)(C)(iv) when the Government attempted to remove him. The District Court rejected that argument, concluding that no such stay had been in place. We agreed. See Contant, 467 F. App'x at 142-43. Nothing in the BIA's 2013 decision warrants disturbing those judgments.

[6] In addition to the decisions from the First, Second, and Fourth Circuits, the District Court cited a conflicting decision from the Seventh Circuit. See Orichitch v. Gonzales, 421 F.3d 595, 598 (7th Cir. 2005) (concluding that reopening of alien's removal proceedings nullified violation of voluntary departure order). But Orichitch might have been driven by an unusual set of facts that were highly sympathetic to the alien. Specifically, it appears that the alien was in violation of the voluntary departure order only because the Government's attorney failed to timely sign a joint motion to reopen the

claims failed because he had not been prejudiced by counsel's conduct. See Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). For substantially the reasons given by the District Court, we agree that those claims do not warrant coram nobis relief.

We have considered the arguments that Contant preserved in his appellate briefing and conclude that none has merit. To the extent that he raises arguments that were not raised in the coram nobis proceedings before the District Court, we deem those arguments waived. See Tri-M Group, LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011). Accordingly, we will affirm the District Court's order denying his coram nobis petition.

---

alien's removal proceedings. See id. at 596. Nothing akin to those facts is present here.