BLD-068                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3665
_____

UNITED STATES OF AMERICA

v.

ISAN CONTANT,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-10-cr-00355-001)
District Judge: Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 9, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Isan Contant appeals pro se from an order of the District Court denying his petition for writ of error coram nobis. For the reasons that follow, we will summarily affirm.

Contant, a citizen of Trinidad and Tobago, overstayed his tourist visa. After he pleaded guilty in state court to possession of a controlled substance in the third degree, he was placed in removal proceedings by the Department of Homeland Security. In 2010, an Immigration Judge ordered his removal from the United States, and the Board of Immigration Appeals upheld that decision on appeal on September 10, 2010. Contant timely petitioned for review of that decision in this Court, see C.A. No. 10-3736, and moved to stay his removal, a motion we denied on October 8, 2010. Contant filed a motion to reopen with the Board, which was denied on November 8, 2010. Contant filed a timely petition for review of that decision, see C.A. No. 10-4543, and the two petitions were consolidated in this Court for decision.

In November 2010, the Government attempted twice to remove Contant but he thwarted those efforts. As a result, he was charged in the United States District Court for the Middle District of Pennsylvania with hindering his removal in violation of 8 U.S.C. § 1253(a)(1)(C).[1] After a non-jury trial, the District Court found him guilty and

---

[1] The statute provides that:

> Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 1227(a) of this title, who-- ***
> (C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, *** shall be fined under Title 18, or imprisoned not more than four years …. or both.

sentenced him to a term of imprisonment of 14 months. Judgment was entered on June 23, 2011. While Contant's direct appeal was pending, the Government successfully removed him to Trinidad and Tobago, where he currently resides. In April 2012, we rejected Contant's challenge to his conviction as meritless and affirmed the criminal judgment, see United States v. Contant, 467 F. App'x 141, 143 (3d Cir. 2012) (alien was not eligible for adjustment of status and no stay of removal was in place at time of conviction for hindering removal). In the meantime, on August 2, 2011, we dismissed and denied his consolidated petitions for review, see Contant v. Att'y Gen. of U.S., 441 F. App'x 105 (3d Cir. 2011).

In January 2012, the Board of Immigration Appeals denied another of Contant's motions to reopen. In October 2013, however, the Board reopened removal proceedings pursuant to its sua sponte authority and remanded the matter to the IJ for additional proceedings. The United States Citizenship & Immigration Service apparently reversed course in January 2012, and decided that Contant was prima facie eligible for adjustment of status pursuant to an I-360 petition.

In April 2014, Contant, who had completed his sentence for the hindering removal conviction, filed a pro se petition for writ of error coram nobis in the District Court, collaterally attacking this conviction. He argued that the District Court never established jurisdiction to convict him; that the conviction could not stand because the Board's grant of reopening meant that there was no longer a final order of removal outstanding against

8 U.S.C. § 1253(a)(1)(C).

him; and that trial and appellate counsel were ineffective for failing to attack the order of removal as an invalid basis for conviction. In an order entered on September 12, 2014, the District Court denied the coram nobis petition, and Contant appealed. In January 2016, we affirmed, holding, in pertinent part, that the Board's decision reopening Contant's removal proceedings did not retroactively nullify his conviction, see United States v. Contant, 638 F. App'x 146, 148 (3d Cir. 2016) (Board's decision to reopen "does not change the fact that there was a final order of removal outstanding at the time Contant hindered the Government's efforts to remove him[;]" reopening of removal proceedings "was based on developments that took place well after Contant hindered his removal…."). We also agreed with the District Court that Contant's jurisdictional argument was meritless, and that his ineffective assistance of counsel claims failed because he had not been prejudiced by counsels' conduct. Id. at 149.

At issue now, on April 11, 2016, Contant filed another petition for writ of error coram nobis in the District Court. Citing 8 U.S.C. § 1252(a)(5), Contant claimed that the District Court lacked jurisdiction to convict him of hindering his removal because, at the time of his indictment and conviction, his petitions for review of the Board's September 10, 2010 and November 8, 2010 decisions were pending in this Court. He also argued that his counsel was ineffective for failing to file a motion to dismiss the criminal indictment for lack of jurisdiction or a motion challenging the validity of the order of removal. Citing United States v. Mendoza-Lopez, 481 U.S. 828 (1987), Contant further contended that the hindering removal statute, 8 U.S.C § 1253(a)(1)(C), is unconstitutional as applied to him because the Due Process Clause forbids reliance upon the outcome of

4

unreviewable administrative determinations in subsequent criminal proceedings. Contant then filed a motion to supplement the coram nobis petition, attaching the Board's May 9, 2016 decision, in which it denied his motion for clarification for lack of jurisdiction because the IJ had terminated removal proceedings on January 16, 2014.

In an order entered on August 29, 2016, the District Court denied the coram nobis petition, and denied as moot Contant's motion to supplement it. The Court noted that it had previously rejected a jurisdictional argument and ineffective assistance of counsel arguments, and that we had affirmed those determinations on appeal. The Court thus declined to revisit any issues relating to jurisdiction or counsel's effectiveness in the second coram nobis petition. The Court rejected Contant's due process argument because § 1252(b)(7)(A) provides that if "the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding [but] *only by filing a separate motion before trial*." 8 U.S.C. § 1252(b)(7)(A) (brackets and emphasis added). Although Contant's consolidated petitions for review were indeed pending, he had failed to file a motion before trial challenging the removal order. Thus, his argument that he had been denied due process of law was not persuasive.

Contant appeals. We have jurisdiction under 28 U.S.C. § 1291.[2] Our Clerk advised Contant that his appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

---

[2] Contant does not need a certificate of appealability to proceed with this appeal. See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

5

He argues that the District Court erred in rejecting his new jurisdictional argument on the ground that it had previously rejected a different jurisdictional argument; that the District Court erred in denying his motion to supplement as moot because he has shown a change in his immigration status; and that the District Court erred in deciding the second coram nobis petition without requiring an answer from the United States.[3]

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is a limited remedy: "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). In United States v. Stoneman, 870 F.2d 102, 105-106 (3d Cir. 1989), we explained that coram nobis may be used "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." The District Court assumed, as do we, that Contant satisfied this threshold eligibility requirement. But the coram nobis remedy is reserved for exceptional circumstances only. For example, if a defendant were convicted and punished for an act that the law does not make criminal, such a circumstance results in a complete miscarriage of justice and presents exceptional

---

[3] Contant's additional arguments concerning inconsistent decisions patently lack merit and do not require discussion.

circumstances that justify coram nobis relief.  Stoneman, 870 F.2d at 105 (citing Davis v. United States, 417 U.S. 333, 346-47 (1974)).

We are not persuaded that Contant's arguments in his summary action response require full briefing, given that this is his second coram nobis petition and appeal. Contant's new jurisdictional argument -- that the District Court lacked jurisdiction to convict him of hindering his removal because, at the time of his indictment and conviction, his petitions for review of the Board's September 10, 2010 and November 8, 2010 decisions were pending in this Court -- could have been pursued in his April 2014 coram nobis petition.  In Morgan, the Supreme Court emphasized that there must be "sound reasons" for the petitioner's "failure to seek appropriate earlier relief."  346 U.S. at 512.  Insofar as no sound reasons appear for Contant's piecemeal jurisdictional attack, the District Court properly declined to revisit the issue of jurisdiction.  In any event, as explained by the District Court, § 1252(b)(7)(A) provides that if "the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding … by filing a separate motion before trial."  8 U.S.C. § 1252(b)(7)(A).  Contant failed to take advantage of the opportunity provided by the statute, and thus coram nobis relief would not be proper here.

The District Court also was not persuaded by Contant's reliance upon Mendoza-Lopez, and neither are we.  In Mendoza-Lopez, the Supreme Court held that, because the illegal entry statute, 8 U.S.C. § 1326, did not permit a defendant to challenge the validity of a deportation order in the § 1326 proceeding, a court could review the administrative

7

proceeding where defects in that proceeding, for example, an immigration judge's inadequate acceptance of a waiver of appellate rights, prevented judicial review. 481 U.S. 837-38, 841-41. Unlike the situation in Mendoza-Lopez, Contant plainly was not deprived of his right to petition for review of the final order of removal. On the contrary, Contant sought judicial review of the order of removal with the Board of Immigration Appeals and this Court, and we did eventually complete our review and dismiss and deny Contant's consolidated petitions for review, see Contant, 441 F. App'x 105.

We further conclude that the District Court did not err in denying Contant's second coram nobis petition without first requiring the United States Attorney to respond. The United States responded to Contant's first coram nobis petition, see Docket Entry No. 62, and summary disposition is proper where it plainly appears from the petition and the record of prior proceedings, as it did here, that the petitioner is not entitled to relief. Cf. Rule 4(b), Rules Governing § 2255 Motions.

Last, we conclude that the District Court did not err in denying Contant's motion to supplement as moot. We previously held that coram nobis relief would not lie based on developments that took place well after Contant hindered his removal, see Contant, 638 F. App'x at 148-49. The District Court, in denying Contant's first coram nobis petition, analogized the situation to voluntary departure orders, and noted that the majority view in the context of voluntary departure orders was that, although the granting of a motion to reopen had the legal effect of vacating a prior voluntary departure order, it did not retroactively nullify the consequences of a prior violation of a then-valid

8

voluntary departure order, see Contant v. United States, 2014 WL 4546240, *4-5 (M.D. Pa. Sept. 12, 2014) (citing Dacosta v. Gonzales, 449 F.3d 45, 50-51 (1st Cir. 2006)).  In affirming, we "agree[d] with the District Court that the line of cases involving the effect of reopening on violations of voluntary departure orders [was] persuasive and sufficiently analogous to warrant rejecting Contant's argument."  Contant, 638 F. App'x at 149.  The assertion that Contant made in his motion to supplement of an actual change in his immigration status, even if true, does not undermine our previous holding that his conviction for hindering removal has not been nullified, and thus the District Court did not err in denying the motion.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Contant's petition for writ of error coram nobis.

9