BLD-275                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1635
_____

UNITED STATES OF AMERICA

v.

ISAN CONTANT,
                                Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-10-cr-00355-001)
District Judge: Yvette Kane

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 8, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Isan Contant appeals from an order of the District Court denying as moot his motion to alter or amend the judgment and motion for recusal. For the reasons that follow, we will summarily affirm.

Contant, a native and citizen of Trinidad and Tobago, was convicted in the United States District Court for the Middle District of Pennsylvania of hindering his removal in violation of 8 U.S.C. § 1253(a)(1)(C).[1] After a bench trial, the District Court found him guilty and sentenced him to a term of imprisonment of 14 months. Judgment was entered on June 23, 2011. While Contant's direct appeal was pending, the Government successfully removed him from the United States. In April, 2012, we affirmed the criminal judgment, see United States v. Contant, 467 F. App'x 141, 143 (3d Cir. 2012) ("Contant I").

In April, 2014, Contant, who had since completed his sentence for the hindering removal conviction, filed a pro se petition for writ of error coram nobis in the District Court, collaterally attacking his conviction. In an order entered on September 12, 2014, the District Court denied the coram nobis petition, and Contant appealed. In January 2016, we affirmed, see United States v. Contant, 638 F. App'x 146, 148 (3d Cir. 2016) ("Contant II").

On April 11, 2016, Contant filed another pro se petition for writ of error coram nobis in the District Court. Citing 8 U.S.C. § 1252(a)(5), Contant claimed that the District Court lacked jurisdiction to convict him of hindering his removal because, at the

[1] An Immigration Judge ordered Contant's removal and his appeal of that order to the Board of Immigration Appeals was unsuccessful.

time of his indictment and conviction, his petitions for review of the final order of removal were pending in this Court. He also argued that his counsel was ineffective for failing to file a motion to dismiss the criminal indictment for lack of jurisdiction or a motion challenging the validity of the order of removal. Citing United States v. Mendoza-Lopez, 481 U.S. 828 (1987), Contant further contended that the hindering removal statute, 8 U.S.C § 1253(a)(1)(C), is unconstitutional as applied to him. Contant then filed a motion to supplement the coram nobis petition.

In an order entered on August 29, 2016, the District Court denied the coram nobis petition, and denied as moot Contant's motion to supplement it. The Court noted that it had previously rejected jurisdictional and ineffective assistance of counsel arguments, and that we had affirmed those determinations on appeal in Contant II. The Court thus declined to revisit any issues relating to jurisdiction or counsel's alleged ineffectiveness in the second coram nobis petition. The Court rejected Contant's due process argument because § 1252(b)(7)(A) provides that if "the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating section 1253(a) of this title may challenge the validity of the order in the criminal proceeding [but] only by filing a separate motion before trial." 8 U.S.C. § 1252(b)(7)(A) (brackets and emphasis added). Although Contant's consolidated petitions for review were indeed pending at the time, he had failed to file a motion before trial challenging the removal order. Thus, his argument that he had been denied due process of law was not persuasive. The District Court also held that Mendoza-Lopez was inapposite.

3

Contant timely appealed on September 19, 2016. While that appeal was pending, Contant, on September 30, 2016, filed in the District Court an untimely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[2] Less than a week later he also filed a motion for recusal. The Government answered the Rule 59(e) motion and motion for recusal, arguing that the motions should be dismissed.

On February 9, 2017, we summarily affirmed the District Court's order denying Contant's second coram nobis petition, see United States v. Contant, --- F. App'x ---, 2017 WL 527897 (3d Cir. 2017) ("Contant III"). We held that the District Court properly declined to revisit Contant's claim that jurisdiction to convict him of hindering his removal was lacking; that the Court did not err in denying his second coram nobis petition without first requiring the Government to respond; and that the Court did not err in denying as moot his motion to supplement his petition. We agreed with the District Court that coram nobis relief was not warranted because Contant failed to take advantage of the opportunity provided by § 1252(b)(7)(A), and that Mendoza-Lopez could be distinguished. In summarily affirming the District Court's order denying Contant's motion to supplement, we noted our prior holding in Contant II that coram nobis relief would not lie based on developments that took place well after Contant hindered his

---

[2] An untimely Rule 59(e) motion does not toll the time for taking an appeal, Fed. R. App. Pro. 4(a)(4)(A).

4

removal, see Contant III, --- F. App'x ---, 2017 WL 527897 at \*3 (citing Contant II, 638 F. App'x. at 148-49).

In an order entered on February 24, 2017, the District Court denied Contant's Rule 59(e) motion and motion for recusal on the basis of mootness.  Contant now appeals that order.[3]  We have jurisdiction under 28 U.S.C. § 1291.[4]  Our Clerk advised Contant that his appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6..

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). The District Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  See North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

The District Court denied Contant's Rule 59(e) motion for reconsideration as moot because the arguments he raised in it were the same as those we considered on appeal in

---

[3] The Court also denied Contant's motion for leave to file documents electronically. Contant's notice of appeal does not reference this part of the District Court's order and thus we will not review it, see Fed. R. App. P. 3(c)(1)(B).

[4] Contant does not need a certificate of appealability to proceed with this appeal.  See United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000) (per curiam).

Contant III and ultimately decided adversely to him. This was proper. Contant's Rule 59(e) motion made the same jurisdictional argument, the same argument relating to the constitutionality of the hindering removal statute, 8 U.S.C. § 1253(a)(1)(C), the same argument concerning the propriety of a supplement to the coram nobis petition, and the same argument concerning the lack of an answer from the Government. We agree with the District Court that when a litigant uses Rule 59(e) merely to relitigate the issues already decided, and, in the meantime, the appeals court has summarily affirmed the District Court, the Rule 59(e) motion is properly dismissed as moot. In any event, Contant plainly did not meet the standard for reconsideration in that his Rule 59(e) motion was not based on an intervening change in the law, was not based on new evidence, and was not, given our affirmance, based on any alleged error by the District Court or manifest injustice. Contant's post-judgment motion for recusal is meritless and we will summarily affirm on that basis. Contant's assertion of bias is unsupported by anything in the record, and the District Court's general familiarity with his cases does not warrant recusal. Cf. Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not provide adequate basis for recusal).

For the foregoing reasons, we will summarily affirm the order of the District Court denying Contant's Rule 59(e) motion to alter or amend the judgment and motion to recuse.

6