ALD-179                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1268
_____

UNITED STATES OF AMERICA

v.

ISAN CONTANT,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-10-cr-00355-001)
District Judge: Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2018

Before:  MCKEE, VANASKIE, and SCIRICA, Circuit Judges

(Opinion filed: June 20, 2018)
_____

OPINION*
_____

PER CURIAM

Isan Contant appeals from an order of the District Court denying his third petition

for writ of error coram nobis.  For the reasons that follow, we will summarily affirm.

Contant, a native and citizen of Trinidad and Tobago, was placed in removal

proceedings pursuant to 8 U.S.C. § 1227(a)(1) as an alien who had overstayed his visa.

The charge was sustained and, in 2010, an Immigration Judge ordered his removal from the United States, after concluding that he was ineligible for relief from removal. The Board of Immigration Appeals upheld that decision on appeal on September 10, 2010. Contant then filed a motion to reopen with the Board, which was denied on November 8, 2010.

In November 2010, the Government attempted twice to remove Contant but he thwarted those efforts. As a result, he was charged in the United States District Court for the Middle District of Pennsylvania with hindering his removal in violation of 8 U.S.C. § 1253(a)(1)(C). He was convicted and sentenced to a term of imprisonment of 14 months.

In August 2011, we denied Contant's consolidated petitions for review, see Contant v. Att'y Gen. of U.S., 441 F. App'x 105 (3d Cir. 2011). In December 2011, Contant was released from the Federal Bureau of Prisons, having served his federal sentence. Sometime around February 8, 2012, he was removed from the United States to Trinidad and Tobago, where he remains. In April 2012, we affirmed the criminal judgment pertaining to the hindering removal conviction, see United States v. Contant, 467 F. App'x 141, 143 (3d Cir. 2012).

On October 25, 2013, the Board of Immigration Appeals reopened Contant's removal proceedings and remanded the matter to the Immigration Judge for additional proceedings based on Contant's receipt of a Notice of Action by the United States Citizenship & Immigration Services dated January 2012. The proceedings before the IJ eventually were terminated without prejudice, pending Contant's return to the United States.

The Board's October 25, 2013 order fueled two unsuccessful coram nobis challenges by Contant to have his hindering removal conviction overturned. The District Court denied both petitions, Contant appealed, and in both instances we affirmed, see United States v. Contant, 638 F. App'x 146, 148 (3d Cir. 2016), and United States v. Contant, 679 F. App'x 95 (3d Cir. 2017). Among other things, we held that, at the time of his criminal indictment and conviction for hindering his removal, a valid order of removal was in place and that the reopening of his removal proceedings in 2013 was based on events that transpired after he was charged and prosecuted for hindering his removal. Thus, coram nobis relief was not warranted.

On December 17, 2017, Contant filed a third petition for writ of error coram nobis, challenging his hindering removal conviction on three bases: (1) the District Court did not have jurisdiction to convict him of hindering his removal; (2) the previous denials of coram nobis relief conflict with Orabi v. Att'y Gen. of U.S., 738 F.3d 535 (3d Cir. 2014)[1]; and (3) trial counsel were constitutionally ineffective in connection with his criminal defense. In an order entered on February 2, 2018, the District Court denied the petition, noting that a writ of error coram nobis is an extraordinary remedy and that the instant arguments were previously raised in Contant's prior coram nobis petitions and rejected.

---

[1] In Orabi, the petitioner was convicted of conspiracy to commit fraud in connection with access devices, possession of counterfeit access devices, possession of counterfeit and forged checks, and aggravated identity theft. The Department of Homeland Security initiated removal proceedings on the basis of these convictions while his direct appeal was pending. We held that a conviction that provides the basis for removal is not "final" for immigration purposes until direct appellate review has been exhausted or waived. 738 F.3d at 543. We note that Contant's order of removal is not based on a criminal conviction; rather, he was removed from the United States pursuant to 8 U.S.C. § 1227(a)(1), as an alien who had overstayed his visa.

Contant appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Contant that his appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Contant has submitted a response to summary action.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A coram nobis petition "may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989). It is an "extraordinary remedy," id. at 106, and appropriate only to (1) "correct errors for which there was no remedy available at the time of trial," and (2) "where 'sound reasons' exist for failing to seek relief earlier." Id. at 106 (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).

All of the claims pursued in the third petition either were raised in the prior coram nobis petitions and decided adversely to Contant, or could have been raised in the prior petitions. Cf. McCleskey v. Zant, 499 U.S. 467, 489 (1991) (petitioner can abuse writ of habeas corpus by failing to raise claim in prior petition). In Contant, 679 F. App'x 95, where we affirmed the District Court's order denying Contant's second coram nobis petition, we cautioned him about his "piecemeal jurisdictional attack[s]" and held that the District Court properly declined to revisit the issue of jurisdiction. Id. at 99. Contant argues that the instant appeal presents a substantial question because the District Court erred when it stated that his "exclusive jurisdiction" argument was previously decided on the merits. Even if his current jurisdictional argument had not previously been decided on the merits, it does not provide a basis for coram nobis relief. Contant argues that "the

4

district court never had jurisdiction to address the validity of the BIA Sept 2010 decision," Petition, at 1. We note, however, that, in adjudicating Contant guilty of hindering his removal, the District Court did not directly review the agency's order of removal.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Contant's third error coram nobis petition.