BLD-312                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2165
_____

UNITED STATES OF AMERICA

v.

TOOCHUKWU TOKX OKORIE,
                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:09-cr-00678-001)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 20, 2017)

_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Toochukwu Tokx Okorie appeals pro se from the District Court's order denying his petition for a writ of error coram nobis. For the reasons that follow, we will summarily affirm that order.

I.

In 2009, Okorie pleaded guilty in the District Court to multiple counts of wire fraud and money laundering. In 2011, the District Court sentenced him to 54 months in prison, to be followed by three years of supervised release. Additionally, the District Court imposed a $600 special assessment and ordered that Okorie pay approximately $1.7 million in restitution. Okorie did not appeal from his judgment of sentence, nor did he file a 28 U.S.C. § 2255 motion.

Okorie's term of supervised release ended in May 2016. In early 2017, he filed a pro se coram nobis petition, asking the District Court to vacate the order of restitution and direct the Government to reimburse him for certain restitution payments that he had made.[1] In support of this petition, Okorie argued that (1) his restitution obligation had ended upon the completion of his term of supervised release, and (2) the District Court's restitution order was invalid because it had not specifically identified the victims or set a schedule for his restitution payments.

---

[1] It appears that, to date, Okorie has paid only a small percentage of the total restitution amount.

The Government opposed Okorie's petition. On April 13, 2017, the District Court entered an order denying coram nobis relief. The District Court explained that, contrary to Okorie's argument, his restitution obligation would not expire until 20 years after his release from prison (i.e., in 2033). See 18 U.S.C. § 3613(b), (f). As for his challenge to the validity of the restitution order, the District Court explained that the time to raise this challenge had passed, and that he had failed to identify a valid basis for modifying the restitution order at this stage of the case.

Okorie now seeks our review of the District Court's April 13, 2017 order.[2]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. In reviewing the District Court's denial of coram nobis relief, we apply a de novo standard to the District Court's legal conclusions and examine its factual findings for clear error. See Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

Coram nobis "may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer in

---

[2] To the extent that Okorie's "Brief" docketed on June 8, 2017, also referred to a separate order entered by the District Court on May 3, 2017, that order (which addressed other motions filed by Okorie and his wife, and was entered after he filed his notice of appeal) is outside the scope of this appeal and thus will not be considered here. See Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) ("If an appeal is taken only from a specified judgment, the court does not acquire jurisdiction to review other judgments not specified or fairly inferred by the Notice.") (internal quotation marks omitted).

custody for purposes of 28 U.S.C. § 2255." Mendoza, 690 F.3d at 159 (internal quotation marks omitted). This relief is reserved for exceptional circumstances only, see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam), and the petitioner must show, inter alia, that a "sound reason" exists for his failure to seek other relief earlier, Mendoza, 690 F.3d at 159. "This 'sound reason' standard is even stricter than that used to evaluate § 2255 petitions," id., and both we and the Supreme Court have remarked that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate," id. (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)).

We agree with the District Court's denial of Okorie's coram nobis petition, for this case does not present the exceptional circumstances that might warrant coram nobis relief. Okorie's argument concerning the end date of his restitution obligation lacks merit for the reason provided by the District Court, and he has not demonstrated that a "sound reason" exists for his failure to raise an earlier challenge to the restitution order's validity. Because this appeal does not present a substantial question, we will summarily affirm the District Court's April 13, 2017 order.

4