DLD-049                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2283
_____

UNITED STATES OF AMERICA

v.

TOOCHUKWU TOKX OKORIE,
                                             Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-09-cr-00678-001)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

December 6, 2018
Before: JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 12, 2018)
_____

OPINION*
_____

PER CURIAM

    Toochukwu Okorie appeals from an order of the District Court denying his Rule

60(b) motion.  For the reasons that follow, we will summarily affirm.

    Okorie pleaded guilty to multiple counts of wire fraud and money laundering, and,

in 2011, he was sentenced in the United States District Court for the Eastern District of

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania to a term of imprisonment of 54 months, to be followed by three years of supervised release. Additionally, the District Court ordered Okorie to pay approximately $1.7 million in restitution. Okorie did not appeal the criminal judgment and order of restitution, nor did he file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 motion.

Okorie's term of supervised release ended in May, 2016. In early 2017, he filed a pro se petition for writ of error coram nobis, 28 U.S.C. § 1651, asking the District Court to vacate the order of restitution and direct the Government to reimburse him for restitution payments he had already made. In support of this petition, Okorie argued that (1) his restitution obligation ended upon the completion of his term of supervised release, and (2) the restitution order was invalid because it did not specifically identify the victims or set a schedule for his restitution payments, as required by 18 U.S.C. § 3663. In an order entered on April 13, 2017, the District Court denied coram nobis relief, reasoning that Okorie's restitution obligation would not expire until 20 years after his release from prison under 18 U.S.C. § 3613(b), (f); and that, as to the validity of the restitution order itself and the Court's alleged failure to make certain findings prior to issuing the order, the time to raise such a challenge -- on direct appeal -- had long since passed. The District Court also noted that Okorie had not argued any change in his financial circumstances warranting modification under 18 U.S.C. § 3664(k).

Okorie appealed and we summarily affirmed, see United States v. Okorie, 697 F. App'x 116 (3d Cir. 2017), holding that Okorie's petition did not present the exceptional circumstances that might warrant coram nobis relief. We agreed with the District Court concerning the end date of Okorie's restitution obligation and further agreed that Okorie

2

had not demonstrated that a sound reason existed for his failure to raise an earlier challenge to the restitution order's validity. Id. at 117.

On January 29, 2018, Okorie filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(1), seeking to reopen the District Court's April, 2017 order denying his coram nobis petition. Okorie alleged that the District Court made a "mistake" in denying coram nobis relief. The Government opposed the Rule 60 motion. In an order entered on May 24, 2018, the District Court denied the Rule 60(b) motion.

Okorie appeals. The parties were advised that we might act summarily to dispose of the appeal pursuant to Chapter 10.6 of the Internal Operating Procedures of this Court and 3d Cir. LAR 27.4, and invited to submit argument in writing. No responses have been received.

We will summarily affirm because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We "are free" to affirm the judgment "on any basis which finds support in the record." Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). Coram nobis "may be used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer in custody for purposes of 28 U.S.C. § 2255." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (internal quotation marks omitted). This relief is reserved for exceptional circumstances only, see Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam), and the petitioner must show, among other things, that a "sound reason" exists for his failure to seek other relief earlier, Mendoza, 690 F.3d at 159. "This 'sound reason' standard is even stricter than that used to evaluate § 2255 petitions," id., and both we and the Supreme Court have remarked that "it is difficult to

3

conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate," id. (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)).

Assuming arguendo that a Rule 60(b)(1) motion seeking to reopen a coram nobis judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect" may be appropriate in some circumstances, we note that Okorie's motion was timely because it was filed within one year of the District Court's April, 2017 judgment. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Okorie nonetheless miscomprehends the limited nature of Rule 60(b)(1). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b)(1) empowers a District Court to relieve a party from a final judgment on the basis of a party's or counsel's "mistake, inadvertence, surprise, or excusable neglect." See generally George Harms Construction Co., Inc. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (determination whether party's neglect is excusable is essentially an equitable one). Okorie alleged a *new* argument in his Rule 60(b)(1) motion as to why the restitution order is invalid, but Rule 60(b)(1) does not provide a basis for advancing a new claim that, like Okorie's, could have been included in the original coram nobis petition. Okorie does not argue that *he* made a mistake or inadvertently erred in omitting the new claim from his original coram nobis petition; rather, he argues that the District Court "made a mistake or inadvertent error" in the restitution judgment with respect to the Court's authority to modify it. Motion, at 3.

4

Such an argument challenging the validity of the restitution order itself does not suffice to reopen the coram nobis judgment under Rule 60(b)(1).[1]

For the foregoing reasons, we will summarily affirm the order of the District Court denying Okorie's Rule 60(b) motion.

---

[1] In any event, even if Okorie could pursue the new argument in a second coram nobis petition, relief would not be warranted because, once again, he has not demonstrated that a sound reason exists for his failure to raise his challenge to the restitution order's validity on direct appeal, Mendoza, 690 F.3d at 159.

5